IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROL BOLT,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 4:02-cv-0021-RRB<br><br>**ORDER GRANTING MOTION FOR<br>SUMMARY JUDGMENT** |

I.   INTRODUCTION

Before the Court is Defendant United States of America with a Motion for Summary Judgment (Docket No. 31). "Defendant moves for summary judgment on the ground that [its] actions and its inaction with regard to snow removal at the parking lot constituted the performance of a discretionary function immunized from tort liability by 28 U.S.C. § 2680(a) . . . ."[1] Plaintiff Carol Bolt

---

[1]   Clerk's Docket No. 31 at 2.  28 U.S.C. § 2680(a) provides the following exception to the Federal Tort Claims Act (FTCA):

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an
> 
> (continued...)

opposes at Docket No. 37 and argues "[d]iscretionary immunity does not shield [Defendant] from liability in the present situation where it has failed to comply with [its own] policies requiring snow removal."[2]  The Court agrees.  Notwithstanding, for additional reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 31) is hereby **GRANTED.**

## II. FACTS

On or about April 1, 1999, Plaintiff slipped and fell on snow and ice near a garbage dumpster at her apartment complex located on Fort Wainwright.  As a result of the fall, Plaintiff suffered a broken right ankle.  Plaintiff's "ankle required an open reduction to set and due to her pregnancy, Mrs. Bolt was awake for the operation and could feel the surgeon sewing up her ankle."[3]  Plaintiff alleges her "ankle has never completely healed and she

---

[1](...continued)
employee of the Government, whether or not the discretion involved abuse.

Alternatively, Defendant argues "it is not liable for plaintiff's injuries under Alaska law as applied in this Circuit because the presence and condition of the snow and ice where plaintiff fell were the result of natural causes." Id.  On this point, Defendant is correct.

[2]    Clerk's Docket No. 37 at 1.

[3]    Id. at 14.

still suffers from a permanent disability due to her broken ankle."[4]

**III. SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[5]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[6]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[7]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[8]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed

---

[4]     Id. at 14-15 (citation omitted).

[5]     Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[6]     Id. at 323-325.

[7]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[8]     Id. at 255.

factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[9]

**IV. DISCUSSION**

    **A.   Plaintiff's action is not barred by 28 U.S.C. § 2680(a).**

"[P]laintiff alleges that defendant negligently failed to clear snow from plaintiff's military housing parking area or to take other corrective maintenance actions regarding snow and ice accumulation at the place where plaintiff fell."[10]  "Defendant does not dispute that it had not cleared the snow from the parking lot that winter before plaintiff's fall."[11]   Defendant argues Plaintiff's injuries:

> [R]esulted not from negligence but from actions taken in conformity with the Snow Removal Policy issued by the Fort Wainwright Post Commander in the performance of a discretionary function, based on Defense Department directives and regulations committing management of housing to the discretion of the post commander and requiring the commander to promote self-help by residents of military housing by means including assignment of snow removal duties to residents.[12]

---

[9]    Id. at 248-9.

[10]   Clerk's Docket No. 31 at 19 (citation omitted).

[11]   Id. (emphasis added).

[12]   Id. at 19-20.  The Court notes:

The Commanding Officer of an installation is responsible
(continued...)

The Court disagrees.

The Fort Wainwright Base Commander's Alaska Snow Removal Policy for 1998-1999 provides in relevant part: "(5) **Priority 5 - *CLEANUP***. (b) Family Housing Parking Areas (<u>cleared once per year in late February or March</u>). Lots will be posted in advance and will be worked as priorities permit between snow storms."[13]  It further provides, "Areas in which vehicles have not been removed will be bypassed and moved to the bottom of the list due to the possibility of damage and Government liability."[14]

Defendant attempted to clear the snow and ice from Plaintiff's lot on or about March 9, 1999.  It was unable to do so because a number of vehicles had not been removed therefrom.  As a result, Plaintiff's lot was placed at the bottom of the lot clearing list and had not been cleared at the time Plaintiff fell.  However, the clear and unambiguous language of the Snow Removal Policy, when combined with the absence of any clarifying language,

---

[12](...continued)
for accomplishing the mission assigned to the installation, and should be delegated broad authority to decide how best to accomplish the mission, and is accountable for all resources applied to the mission.

<u>Id.</u> at 25 (<u>quoting</u> Department of Defense (DoD) Directive Number 4001.1 (September 4, 1986)).

[13]    Clerk's Docket No. 37, App. 1 at 4 (emphasis added).

[14]    <u>Id.</u>

leads the Court to believe that those areas (to include Plaintiff's lot) that were moved to the bottom of the list would be cleared on or before March 31, 1999.  Plaintiff's lot, however, was not cleared prior to the end of March.

The Court concludes, therefore, that it maintains subject matter jurisdiction of this action pursuant to 28 U.S.C. § 2680(a).[15]  Indeed, Plaintiff has demonstrated that the Fort Wainwright Post Commander failed to comply with his own policy requiring snow removal, i.e., he failed to provide Plaintiff with the once per year snow removal that he promised would occur in late February or March.[16]

B. **Hale v. City of Anchorage is controlling.**

Even though the Court finds that it has the requisite subject matter jurisdiction necessary to hear this action, because Plaintiff's negligence claim(s) is/are based exclusively on the

---

[15]   Clerk's Docket No. 31 at 20.

[16]   "[P]laintiff's complaint is [not] subject to dismissal because it . . . allege[s] jurisdictional facts specifically negating the discretionary function exception, such as an act in violation of regulations."  Id. at 19 n.1 (citing Berkovitz by Berkovitz v. United States, 486 U.S. 531, 540 (1988), and United Sates v. Gaubert, 499 U.S. 315, 324-35 (1991))(emphasis in original).

presence of ice and snow, Hale v. City of Anchorage, 389 P.2d 434 (Alaska 1964) is controlling.[17]

> In Hale, the Alaska Supreme Court determined:
>
> [A] municipality is not liable for injuries sustained by persons due to ice and snow on sidewalks, where climatic conditions [combined with the passage of vehicular and foot traffic and a weather pattern of snow aggravated by thawing and freezing] are prevalent and where the presence and the condition of the ice and snow are the result of natural causes.[18]

In reaching its decision, the Hale Court stated: "It would be an impossible task for the city to clean all of the sidewalks and curbcuts [sic] before pedestrian and vehicular traffic caused ice to form in rough and uneven ridges."[19] The facts of this case are strikingly similar. For example, Fort Wainwright, which is a military base, "has [more than] 3,286,000 square feet of surface

---

[17] See Hollinger v. United States, 651 F.2d 636 (9th Cir. 1981). Plaintiff argues Hale is not controlling following Kremer v. Carr's Food Center, Inc., 462 P.2d 747, 752 (Alaska 1969). In Kremer, "[t]he Alaska Supreme Court . . . limited its holding in Hale and expressly held that it does not apply to claims against a business by an invitee, and would only apply to claims against the state or a municipality for streets or sidewalk conditions." Clerk's Docket No. 37 at 40. Notwithstanding, because the Court concludes Fort Wainwright is more like a municipality than a business, complete with its own zip code, i.e., 99703, it finds Plaintiff's argument to be unpersuasive. Hollinger further supports the applicability of Hale on a military base. 651 P.2d at 639.

[18] Hale, 389 P.2d 437-38 (emphasis added).

[19] Id. at 437 (emphasis added).

that requires snow removal each year before the Army [can] begin to conduct snow removal operations in the housing area parking lots."[20] Indeed, the facts thus proffered reveal "[p]ublic health and safety, and military and economic necessity, required attending to all other snow removal duties on the post before dealing with housing area parking lots."[21]  In light of <u>Hale</u>, therefore, the Court concludes Defendant is <u>not</u> negligent and, therefore, <u>not</u> liable in this situation.[22]

    **C.    Plaintiff, a family housing resident, was responsible for snow and ice removal in the common area where she fell.**

Moreover, when Plaintiff and her family moved into the family housing unit they occupied at the time of the accident, Plaintiff's "husband signed the Conditions of Occupancy, acknowledging the residents' duty to conduct general maintenance at their own expense, including the duty to '<u>promptly remove ice and snow as necessary or required</u>.'"[23]

///

///

///

---

[20]    Clerk's Docket No. 31 at 43.

[21]    <u>Id.</u>

[22]    <u>Id.</u>

[23]    <u>Id.</u> at 30 (<u>citing</u> Ex. 1, Att. A at 2)(emphasis added).

**V.   CONCLUSION**

For reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 31) is hereby **GRANTED**.  As a result, this matter is **DISMISSED** with prejudice.

ENTERED this 7th day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE