Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF ALASKA


CAROL BOLT                      )
                                )
     Plaintiff,                 )
                                ) NO. F02-0021 CV (RRB)
V.                              )
                                )
                                )
UNITED STATES OF AMERICA        )
                                )
     Defendant                  )
_____)
```

**PLAINTIFF'S RULE 59 MOTION AND MEMORANDUM**

Plaintiff Carol Bolt, by and through her attorney, Robert A. Sparks, the Law Office of Robert A. Sparks, and pursuant to Federal Rule of Civil Procedure 59, hereby submits the following Motion for Amendment of Judgment in this case.

The Court has determined that Plaintiff Bolt's claims should be dismissed, because "Plaintiff's negligence claims(s) is/are based exclusively on the presence of ice and snow, Hale v. City of Anchorage, 389 P.2d 434 (Alaska 1964) is controlling."  The Court further clarified in a footnote that it felt that "[n]otwithstanding, because the Court concludes Fort Wainwright is more like a municipality than a business,

1

complete with its own zip code, i.e. 99703, it finds Plaintiff's argument to be unpersuasive.  <u>Hollinger</u> further supports the applicability of <u>Hale</u> on a military base."  Order document 48 at 7 and n. 17.

Plaintiff Bolt seeks clarification from the District Court as to the basis for its ruling.  Under the Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1), sovereign immunity is waived for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, <u>if a private person, would be liable</u> to the claimant in accordance with the law of the place where the act or omission occurred.  <u>See</u>  28 U.S.C. §  1346(b)(1).  The United States may be held liable "under circumstances where the United States, if a <u>private person</u>, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(emphasis added).  <u>See</u> <u>also</u>  <u>USAir Inc., v. United States Dep't of the Navy</u>, 14 F.3d 1410, 1412 (9th Cir.1994).

These provisions have been interpreted to provide that, so long as neutral principles of tort law would impose liability upon a private individual undertaking the same activity, the United States may be held liable for its otherwise actionable

negligence, even if the activity for which the United States is sued is not one commonly undertaken by a private individual. See Indian Towing Co. v. United States, 350 U.S. 61 (1955).

For example, in the recent case of Hanakahi v. U.S., 325 F. Supp.2d 1125, 1130 (D. Hi 2002), involving injuries caused by a military person that drank alcohol in his barracks and then drove a motor vehicle causing injuries, the trial court framed the liability question as being "[t]o ascertain the Government's liability in this case, the court must determine whether Hawaii law would impose liability on private persons or corporations under similar circumstances." Id. 325 F.Supp.2d at 1130.

This Court's citation and quotation from Kremer v. Carr's Food Center, Inc. 462 P.2d 747, 752 (Alaska 1969) at footnote 17 on page 7 of the Order explains why Hale is inapplicable to this case, because the Alaska Supreme Court in Kremer limited the holding in Hale to only apply to claims against the state or a municipality for streets or sidewalk conditions. Plaintiff Bolt is suing the Defendant in this case for negligence in its execution of its duties as a landlord to maintain common areas, specifically the parking lot, of a multi-tenant residential apartment building for the safety of the tenants.

Under the FTCA, the Court is to impose liability on the

Defendant, if a private person who engaged in the same activity could be liable for committing the same acts under Alaska State law.  In the present case, there is no dispute that a <u>private</u> landlord in Alaska has a legal duty to its tenants to protect them from even natural accumulations of ice and snow.  <u>See</u> A.S. 34.03.100 Landlord to maintain fit Premises.  Under A.S. 34.03.100, the Landlord has the obligation to "keep all common areas of the premises in a clean and safe condition; [.]" A.S. 34.03.100(a)(2);   <u>Newton v. Magill</u>, 872 P.2d 1213, 1217 (Alaska 1994)("Instead, we adopted a rule based on general tort law that an owner "must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk.");   <u>Coburn v. Burton</u>, 790 P.2d 1355, 1358 (Alaska 1990)("Under URLTA as under the common law, the primary obligation to remove snow and ice in common areas falls upon the landlord;  on leased premises, this duty is the tenant's.").

   The Court relies on <u>Hollinger v. U.S.</u>, 651 F.2d 636 (9th Cir. 1981), however, the only supporting language for the Court's opinion contained in Hollinger, regarding the landowner's duty, is apparently dicta at page 639.  The Ninth Circuit in <u>Hollinger</u> does not apply <u>Hale</u>, and instead applies

the reasonable duty formulation adopted by the Alaska Supreme Court in Webb v. City and Borough of Sitka, 561 P.2d 731, 734 (Alaska 1977)). Hollinger, 651 F.2d at 639.

As the Alaska Supreme Court has observed:

> The mere fact that snow and ice conditions prevail for many months throughout various locations in Alaska is not in and of itself sufficient rationale for the insulation of the possessor of land from liability to his business invitee. Nor do such climatic conditions negate the possibility that the possessor should have anticipated harm to the business invitee despite the latter's personal knowledge of the dangerous snow and ice conditions or the general obviousness of such conditions.

Kremer v. Carr's Food Center, Inc., 462 P.2d 747, 752 (Alaska 1969).

The Court mentions that Plaintiff Bolt and her husband had a condition of occupancy that required them to conduct general maintenance and remove ice and snow. However, a residential landlord is Alaska is prohibited from delegating any responsibility for safety of common areas to tenants. See A.S. 34.03.100(c)(not allowing delegation to tenant of Landlord's duty under (a)(2) to keep common areas safe). Furthermore, while the Army could have sanctioned Mr. Bolt for failing to do his share of shoveling the parking lot, it is a injustice to impose on Plaintiff Bolt a lifetime of disability that could have been easily prevented by application of sand or the timely removal of snow from the parking lot by Defendant.

It is respectfully suggested that the Court reverse the summary judgment on liability granted to the Defendant in this case.

DATED this ____ day of June, 2006, at Fairbanks, Alaska.

THE LAW OFFICES OF ROBERT A. SPARKS

/s/

Robert A. Sparks
Attorney for Plaintiff
Membership No. 8611139

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served via email to:

Stephen Cooper,
U.S. Attorney's Office
Fairbanks, Alaska.

on the 19th of June, 2005.

LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks_____