Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROL BOLT                           )<br>                                      )<br>        Plaintiff,                   )<br>                                      )<br>    vs.                               )<br>                                      )<br>UNITED STATES OF AMERICA,             )<br>                                      )<br>        Defendant.                    )<br>_____) | case No. F02-0021cv (RRB) |

REPLY TO DEFENDANT'S OPPOSITION TO BOLT'S RULE 59 MOTION

Defendant was the residential landlord of Plaintiff Carol Bolt and owed her a duty under Alaska law to make the parking lot of Bolt's multi-tenant housing complex reasonably safe for Plaintiff Bolt and other residents.  A.S. 34.03.100(a)(2); Newton v. Magill, 872 P.2d 1213, 1217 (Alaska 1994);  Coburn v. Burton, 790 P.2d 1355, 1358 (Alaska 1990).  The duty of the Army as Plaintiff Bolt's landlord is distinct from and easily distinguished from the duty owed by municipalities to citizens of the municipality as to the condition of roads and sidewalks

Bolt v. U.S.
page 1

in the municipality addressed by the Alaska Supreme Court in Hale v. City of Anchorage, 389 P.2d 434 (Alaska 1964).

It is respectfully submitted to this court that it was an abuse of discretion to apply Hale to Plaintiff Bolt's claim against the United States based on the Federal Tort Claims Act, because "the FTCA, in a second provision, makes the United States liable in the same manner and to the same extent as a private individual under like circumstances[.]" Dolan v. United States Postal Serv., __ U.S. __, 126 S.Ct. 1252, 1256 (2006). If the liability of the United States is to be determined "in the same manner and to the same extent as a private individual[,]" then, by this definition, the rule of Hale cannot be applied to Plaintiff Bolt's claims, because the rule of Hale has been expressly limited by the Alaska Supreme Court to claims against municipalities.[1]  Kremer v. Carr's Food Center, Inc., 462 P.2d 747, 752 (Alaska 1969).

Plaintiff Bolt has presented substantial evidence that

---

[1] Plaintiff Bolt raised this issue in her original Opposition in her discussion of Defendant's reliance on Hale. Plaintiff Bolt stated "The Alaska Supreme Court has limited its holding in Hale and expressly held that it does not apply to a claim against a business by an invitee, and would only apply to claims against the state or a municipality for streets or sidewalk conditions. Kremer v. Carr's Food Center, Inc., 462 P.2d 747, 752 (Alaska 1969)."

Bolt v. U.S.
page 2

raises substantial questions of fact that must be resolved at trial as to whether the Army was negligent in failing to remove the snow from her parking lot by March 31, whether the Army was negligent in failing to require the residents of the multi-tenant apartment building to clear the parking area, as provided by the Army's snow removal plan, whether the Army was negligent for failing to inspect or remedy the hazardous condition in Plaintiff Bolt's parking lot and whether the Army is responsible for Mr. Khan's negligence in failing to report or adequately remedy the slippery and hazardous condition. See Younger v. U.S., 662 F.2d 580, 583 (9th Cir. 1981)("On remand, the district court may wish to consider the applicability, if any, of the Residential Landlord-Tenant Act of 1973 and the State Building Code to the Youngers' FTCA suit.").

Younger involved a claim against the Army based on its liability as the residential landlord of a military family residence for injuries sustained by a resident, because of the Army's failure to install a smoke detector. Id.  The district court had dismissed the plaintiff's FTCA claims against the Army, based on a finding of a lack of any duty on the part of the government to install smoke detectors in the residential apartments. Id.  The Ninth Circuit reversed, finding that "in

Bolt v. U.S.
page 3

the instant case, the Government's liability must be determined by considering the liability, under Washington state law, of a private landlord under similar circumstances. Id. at 581 (citing United Scottish Insurance Company v. United States, 614 F.2d 188, 190 (9th Cir. 1979)).

The Ninth Circuit held that the plaintiff in Younger had submitted sufficient evidence to raise factual disputes about their claims under Washington common law for latent defect, and remanded with instructions that the District Court also review the Plaintiff's claims that were based on the requirements of the Washington Residential Landlord and Tenant Code and the Washington State Building code. Id. at 583. ("On remand, the district court may wish to consider the applicability, if any, of the Residential Landlord-Tenant Act of 1973 and the State Building Code to the Youngers' FTCA suit.") The Ninth Circuit also instructed the district court to determine whether the Washington State common law implied warranty of habitability imposed a duty on the United States to install smoke detectors in residential rental dwellings as part of its duty to provide decent, safe, and sanitary housing. Id. At 583.

Under the Alaska Landlord Tenant Code, the Army, as the

page 4

landlord, is not allowed to delegate its duty to maintain common areas to a tenant of a multi-unit apartment building, such as Carol Bolt in this case.  See Coburn, 790 P.2d at 1358.  Whether Plaintiff Bolt and her husband removed snow from the parking lot or not is irrelevant, because the Defendant's duty to remove the snow and make the parking lot reasonably safe for tenant use is non-delegable.  Id.  Consequently, the Defendants argument that any comparative negligence by Plaintiff Bolt or her husband somehow supercedes the Defendant's negligence is frivolous.

   The Army's failure to take reasonable actions to maintain Plaintiff Bolt's residential parking lot in a reasonably safe condition is exactly the type of situation that the Alaska Landlord Tenant Code is designed to protect tenants from.  The Army was negligent when it failed to take any action to maintain Plaintiff Bolt's parking lot in a reasonably safe condition for use by her and other residents and the Army is vicariously responsible for the negligence of Mr. Khan in failing to report or remedy the condition of the parking lot.

DATED this 14th day of July, 2006, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/_____
Robert A. Sparks
Attorney for Plaintiff Bolt
Membership No.: 8611139

I hereby certify that
a copy of the foregoing
document was served via
e-mail on Steve Cooper
Assistant U.S. Attorney

/s/_____
Robert A. Sparks