

TIMOTHY M. BURGESS
United States Attorney

STEPHEN COOPER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Box 2, Room 310
Fairbanks, Alaska 99701
(907) 456-0245

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| CAROL BOLT, | ) No. F02-0021 CV (RRB) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S REQUESTS** |
| | ) **FOR ADMISSIONS** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

### REQUESTS FOR ADMISSIONS TO PLAINTIFF

COMES NOW third-party defendant the United States of America, pursuant to Rules 26 and 36, Federal Rules of Civil Procedure, and propounds the following requests for admissions to plaintiff. Each request will be deemed admitted unless within 30 days from service of this Request plaintiff serves upon the United States

at its above address written answers or objections conforming to the said rules.

**REQUEST FOR ADMISSION NO. 1:** Please admit that Attachment 1 hereto is a true copy of the Snow Removal Policy which was duly issued by the Post Commander of Fort Wainwright, Alaska, on September 22, 1998, and which was in effect at Fort Wainwright during the 1998-1999 winter season including the time of plaintiff's alleged April 1999 slip-and-fall incident underlying the present case.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:** Please admit that the snow removal operations conducted during the 1998-1999 winter season by defendant's agents with respect to the parking lot where plaintiff allegedly fell were conducted in accordance with and in conformity to the attached Snow Removal Policy for the 1998-1999 winter season at Fort Wainwright.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that the parking lot where plaintiff allegedly fell was scheduled to be plowed in 1999 before April 1, but was not plowed by that date because vehicles were parked in the lot at the

scheduled time, so the lot was plowed thereafter when the vehicles were moved.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that Attachment 2 hereto, the 4-page Transcript of Sajid Khan Interview conducted by a person identifying himself as Ron Wayne on November 15, 1999, is, in all respects that are material to the present Requests for Admissions, a reasonably accurate transcription of the relevant questions and answers contained in the cassette tape recording of said interview which you produced to defendant with Plaintiff's Response to Defendant's Request for Production No. 1 on September 22, 2003.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:** Please admit that Attachment 3 hereto is a true copy of the letter written and signed by the attorney for plaintiff on March 19, 2002, addressed to Captain Matthew Miller, Chief of Claims Division, Fort Wainwright, on the subject of plaintiff's administrative claim arising from the same incident which underlies the present case.

3

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that in the letter cited in Request for Admission No. 5, plaintiff's attorney stated, on page 2:

"The U.S. Army's area coordinator, Sajid Khan, admitted that prior to Ms. Bolt's fall that he had called the mayor for the area and reported the slippery conditions in the parking lot."

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:** Please admit that Attachment 4 hereto is a true copy of the 2-page document purporting to summarize the 11/15/99 Sajid Khan interview contained on the cassette tape you produced to defendant as cited in Request for Admission No. 4.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 8:** Please admit that the said interview summary, identified in Request for Admission No. 7, reported the

4

substance of a question and answer by Sajid Khan as follows:

"7. Prior to Ms. Bolt's fall, had there been any complaints from Ms. Bolt or any other tenants about the conditions in the parking lot?

"Yes. He had called up the mayor for the area and reported the slippery conditions."

**ANSWER:**

**REQUEST FOR ADMISSION NO. 9:** Please admit that in ¶ 12 of your Complaint and in ¶ 12 of your Amended Complaint filed in this action, you allege that "Prior to plaintiff Bolt's fall on or about April 1, 1999, Sajid Khan had reported to the mayor for the housing area in which plaintiff Bolt lived that the parking lot at plaintiff Bolt's military housing apartment building was in a slippery condition."

**ANSWER:**

**REQUEST FOR ADMISSION NO. 10:** Please admit that no evidence supports the assertions in the aforesaid March 19, 2002, letter of plaintiff's attorney (Attachment 3 hereto), in the aforesaid summary of Sajid Khan's 11/15/99 interview (Attachment 4 hereto), and in ¶ 12 of your Complaint

and in ¶ 12 of your Amended Complaint filed in this action, to the effect that Sajid Khan reported to the mayor **prior** to plaintiff's fall on April 1, 1999, the slippery conditions and/or tenants' reports of the slippery conditions in the parking lot of plaintiff's apartment building.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 11:** Please admit that the tape-recorded interview of Sajid Khan which you produced to defendant herein on September 22, 2003, and which is referred to above in Request for Admission No. 4, shows that Sajid Khan stated he reported the slippery conditions to the mayor **after** plaintiff's fall.

**ANSWER:**

DATED this 9th day of January, 2004, at Fairbanks, Alaska.

TIMOTHY M. BURGESS
United States Attorney

STEPHEN COOPER
Assistant United States Attorney

**DECLARATION**

I declare under penalty of perjury that a true and correct original of the foregoing **DEFENDANT'S REQUESTS FOR ADMISSIONS** was sent to the following counsel of record on January 9th, 2004, via U.S. Mail to:

Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701

*Mari Johnson*
MARI D. JOHNSON
Office of the United States Attorney

(32 pp)