

**U.S. Department of Justice**

United States Attorney
District of Alaska

Federal Building & U.S. Courthouse
101 12th Avenue, Box 2, Room 310
Fairbanks, Alaska 99707

Commercial: (907) 456-0245
Fax Number: (907) 456-0577

July 22, 2005

Robert A. Sparks
Law Offices of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701

Re:   Carol Bolt v. United States of America, F02-0021 CV

Dear Mr. Sparks:

    This is an interim progress report on your request that we supplement our initial response to your Request for Production No. 1, and my letter to you of December 9, 2003, supplementing our initial response.

    RFP No. 1 requested all files relating to previous claims for injuries for slip and fall accidents on snow or ice at Ft. Wainwright from January 1, 1994, to present. Such accident files would involve several categories of individuals, and are not collected into any central filing system: soldiers, Department of the Army (DA) civilian employees, Non-appropriated Fund (NAF) employees, Army and Air Force Exchange System (AAFES) employees, and other persons who could sue in federal court under the Tort Claims Act after presenting a claim on Standard Form (SF) 95 to the Army.

    Our December 9, 2003, letter produced three (3) SF 95's for slip & fall accidents: 3/19/98 for $7,500; 2/22/02 for $35,000; and 3/13/03 for $3825.63. The letter informed you that these are all the SF 95's you requested that we have both from archives and from the records available at Ft. Wainwright. We have not yet produced all claim files for those accidents. We initially objected to your request for those files, but are now engaged in preparing a supplemental answer to that request, and will inform you as to what, if anything, further can be produced from those files in response to your request for production of all files.

Records of accidents involving soldiers are kept at the Army Safety Center at Fort Rucker, Alabama. Produced herewith are three listings of accidents (- 26 pp) involving soldiers at Fort Wainwright from 1994 to present. They do not list all accidents, only those that were reported and involved lost time or injury. The first list includes 109 accidents involving falls. But these are more than just slip and falls on ice or snow, and may include falls from some elevation rather than a slip on ice or snow. The second list has 46 accidents, involving slips and falls but I am not sure if all involved snow and ice. The third list has 12 accidents which, I am advised, involved slips and falls on snow and ice in a parking lot or similar setting. Because of the volume of material, I am offering you the option at this point to indicate if you wish to place any limitations, or any expanding factors for that matter, on your request. Once I know what you wish in that regard, we will address the issue of what, if anything, from the files on each accident we can release to you in response to your request for production of all files.

Records of accidents involving DA civilians are kept at the Office of Workers' Compensation Programs (OWCP) and are handled through the Civilian Personnel Advisory Center (CPAC) as we previously informed you. In our April 8, 2005, Supplemental Answer to Plaintiff's Interrogatory No. 4, we produced to you a list of DA civilian accidents from 2000 to present, identifying which of them were slip and fall accidents (not necessarily limited to ice and snow). We have requested CPAC to expand the list to 1994, and limit it to ice and snow. When we have that information, you will be informed and provided the opportunity to narrow or expand your request before we address the issue of what, if anything, from the files on each accident we can release to you in response to your request for production of all files.

I am advised that NAF has some 300 files on accidents at Ft. Wainwright, not in electronic form, that go back some years although I have not been advised whether these go back to 1994. Because these are all paper files, it will be necessary to research every file to determine the nature of each accident in order to determine which ones involved slips on ice and snow. Therefore, as to these also, I will await your statement whether you wish to narrow or expand your request before we address the issue of what, if anything, from the files on each accident we can release to you in response to your request for production of all files, and before we address the issue of the overly burdensome nature of the request.

I am in contact with the AAFES Area Loss Prevention office for Alaska, and AAFES counsel's office in Dallas, Texas, but AAFES has not yet reported

what records of accidents they have in the category your requested, or what their response will be regarding production of all files.

RFP No. 1, as reasserted by you, is already taking on the aspect of being overly burdensome and oppressive, particularly in relation to the issues to be resolved in this case. However, before concluding that this fact supplies the answer which we should give to your request, I would like to have your input on the matters stated above, so as to determine if the request can be reduced to more manageable proportions.

Even so, considerable time and effort have already been invested in attempting to gather the information needed to formulate an answer to your request, and more time will elapse before we have in your hands whatever information we may eventually be able to produce. The approaching deadlines for other aspects of this case may conflict with the closure of discovery on June 30, and with our need to complete our response to your production request and your need to evaluate and utilize the information we provide. Please advise if you believe a limited extension of discovery to accommodate these purposes, with a proportionate extension of the remaining scheduling deadlines, would be reasonable. If you believe it would, I will try to estimate how much more time we need for this project and will advise you.

Yours truly,

TIMOTHY M. BURGESS
United States Attorney

STEPHEN COOPER
Assistant United States Attorney