**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*Federal Building & U.S. Courthouse*
*101 12th Avenue, Box 2, Room 310*
*Fairbanks, Alaska 99701*

*Commercial: (907) 456-0245*
*Fax Number: (907) 456-0577*

September 27, 2005

Robert A. Sparks
Law Offices of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701

Re:   <u>Carol Bolt v. United States of America, F02-0021 CV</u>

Dear Mr. Sparks:

After our telephone conversation today, I have the explanation regarding the three lists I sent you by letter of July 22, of soldiers' accidents.

The reason the lists were hard to read is that the full column width was not shown for every column. Also, the first list of 109 accidents was overbroad in that your discovery request, RFP 1, was for accidents on Ft. Wainwright, and that list included many other locations.

Your letter of September 14, 2005, lists 29 file numbers which you are requesting, as potentially within the scope of RFP 1. Two of the numbers (200207010C and 200307050A) appear twice on your list, so there are really only 27 file numbers listed in your letter. Further, only 13 of those you listed are of accidents on Ft. Wainwright. The rest are from a variety of other locations such as Bethel, Nome, Ft. Greely, Ft. Bragg, Ft. Richardson, Elmendorf and Anchorage.

The list you should be working from is the one that excludes almost all but Ft. Wainwright accidents. That is the one I previously produced with the July 22 letter and described as list #2, showing 46 accidents. Even that list includes about 10 accidents at locations other than Ft. Wainwright, as indicated thereon.

Enclosed is that list, list #2, with all columns expanded to full width and spread out horizontally as one long sheet of paper. From this version, you can see where each accident was and what it involved, to determine whether it falls within the scope of RFP 1.

Kindly review the enclosed list ~~and restate~~ your September 14 request if you so desire. I apologize for not having this in more intelligible form when first sent to you.

I will contact NAF again to determine if allowance of more time would enable them to respond, or if they cannot reasonably afford the expenditure of time and manpower in manually searching their files for accidents responsive to RFP 1.


Yours truly,

TIMOTHY M. BURGESS
United States Attorney


STEPHEN COOPER
Assistant United States Attorney