Robert A. Sparks
Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska  99701
Phone:  (907) 451-0875

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CAROL BOLT | ) | |
| | ) | |
| Plaintiff, | ) | case No. F02-0021cv (RRB) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

OPPOSITION TO DEFENDANT'S AFFIDAVIT
SEEKING ATTORNEY FEES AWARD

Defendant United States of America has filed an Affidavit, seeking award of attorney's fees in this case.  Defendant U.S. has failed to comply with the express terms of the judgment in this case, local rule 54.3 and has failed to cite any relevant authority for its request.  The Defendant's affidavit seeking an award of fees is patently frivolous.  Defendant should not be allowed to file any Reply in response to Plaintiff's Opposition, because Defendant refused to file a Motion with authorities supporting its attorney's affidavit.

Bolt v. U.S.
page 1

The FTCA contains no express authorization for award of attorney's fees to a prevailing party in addition to the amount of any judgment.  See Anderson v. United States, 127 F.3d 1190, 1191-92 (9th Cir. 1997) cert. den. 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed. 2d 666 (1998); Campbell v. United States, 835 F.2d 193, 196 (9th Cir. 1987).

Cases that have considered the issue have found that state law authorizing award of attorney's fees as additional damages to a prevailing party, are not applicable to cases under the FTCA, by virtue of either private person analogy or Equal Access to Justice Act (EAJA).  See Anderson v. U.S., 127 F.3d 1190 (9th Cir. 1997); Joe v. U.S., 772 F.2d 1535 (11th Cir. 1985); accord Johnson v. U.S., 780 F.2d 902 (11th Cir. 1986).

If the Defendant's attorney has some creative interpretation of the law which it believes could somehow support its request for fees in this case, it should have filed a memorandum citing the authorities and explaining why it is entitled to award of attorney's fees in this case.  To allow the Defendant to file a bare affidavit, without citing any authorities in support of its frivolous request, and then to allow the Defendant's attorney to sandbag Plaintiff Bolt, a military wife who was injured on the Ft. Wainwright military

Bolt v. U.S.
page 2

Post, whose husband recently returned from fighting in Iraq, with any points and authorities supporting its original request in a Reply Memorandum to which Plaintiff Bolt has no right to Reply, certainly could strike a reasonable person as being unfair and in bad faith.

It is expected that the Defendant will argue that it is entitled to fees under Alaska Rule of Civil Procedure 82. However, such rule does not apply to Plaintiff Bolt's claim herein, because she did not bring a claim under Alaska State law, it was instead a claim under the FTCA, which does not allow for the recovery of attorney's fees.  Evidence that Plaintiff Bolt's claim is not a claim under Alaska State law is apparent from the fact that she was required to exhaust her administrative remedies under the FTCA, prior to being able to file this lawsuit.  If Plaintiff Bolt's claim was under Alaska State law, she would not have been required to exhaust administrative remedies in order to bring this action.

Further, under the express terms of the Judgment, "award of prejudgment interest, costs and attorney's fees are governed by D.Ak LR 54.1, 54.3 and 58.1."  Under LR 54.3, any request for attorney's fees must have "attached as exhibits bills sent or other detailed itemization as may be appropriate."

Bolt v. U.S.
page 3

Defendant has failed to provide any itemization for any fees that it seeks, which prevents Plaintiff from determining whether any of the fees sought were reasonable or related in any manner to the issues in the lawsuit at issue.  Defendant should be denied fees for this reason alone, if its entire request was not frivolous.

It is respectfully requested that the Court deny Defendant's request for award of Attorney's fees, because the request is frivolous and contrary to FTCA decisions, because the request is not in compliance with Local Rule 54.3 and fails to state any authority for the request for the fee award.  The Defendant's request for fees should also be denied because the Defendant has failed to provide any itemization of the time allegedly spent that is included in the fee request, and because the award of attorney's fees to a prevailing party under the FTCA is not allowed.  Alaska Rule of Civil Procedure Rule 82 does not apply to this case, because this is not a diversity case and is instead a claim under a federal statute, the FTCA.

The Defendant's request for fees should be denied in all respects.


Bolt v. U.S.
page 4

DATED this ____ day of August, 2006, at Fairbanks, Alaska.

        THE LAW OFFICE OF ROBERT A. SPARKS

        _____
             Robert A. Sparks
          Attorney for Plaintiff Bolt
           Membership No.: 8611139

```
Bolt v. U.S.
page 6
```