NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CAROL BOLT, | ) | Case No. 4:02-cv-00021-RRB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR SEPARATE** |
| | ) | **TRIAL AS TO LIABILITY** |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Defendant, the United States of America, moves the Court pursuant to Rule 42(b), Federal Rules of Civil Procedure, to order a separate trial as to liability prior to trial of the damage issue. This motion is made in order to serve the ends of convenience and in order to expedite and economize, as provided in said Rule 42(b).

Bolt v. U.S.
4:02-cv-00021-RRB

# BACKGROUND

In January 2006, plaintiff moved this Court for summary judgment on grounds relating solely to liability, expressly excluding damage issues and without developing the facts relating to damages.

Summary judgment was entered for defendant on the liability issue alone. Accordingly, the appeal and subsequent reversal were likewise limited to liability issues. The appellate court expressly left open the liability issue on remand:

> Whether the Army did in fact breach its duty is a question of fact to be determined on remand, along with the elements of causation and harm.

Bolt v. United States, 509 F.3d 1028, 1035 (9th Cir. 2007). The Ninth Circuit noted that the alleged negligence was "based on the Army's failure to meet its duty to conduct its yearly snow and ice removal from the parking area where [plaintiff] slipped prior to April 1999." Id., at 1035-1036.

# POINTS AND AUTHORITIES

Separation of liability and damages is one of the most common uses of FRCP 42(b).

> Rule 42(b) provides:
> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a

jury trial.

The Advisory Committee note states, "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Advisory Committee's Note to the 1966 Amendment of Rule 42(b).

A trial judge's decision to bifurcate issues is within the informed discretion of the court. The trial court's decision is reviewed on appeal for an abuse of discretion. <u>Danjaq LLC v. Sony Corp.</u>, 263 F.3d 942, 961 (9th Cir. 2001); <u>Hirst v. Gertzen</u>, 676 F.2d 1252, 1261 (9th Cir. 1982). Because the decision is not a final order, it would not be immediately appealable.

Convenience, avoiding prejudice, and expediting and economizing are alternative bases for bifurcation. Any one of these will satisfy the requirements of Rule 42(b). <u>In re Paris Air Crash of March 3, 1974</u>, 69 F.R.D. 310, 319 (C.D. Cal., 1975); <u>United States v. International Business Machines Corp.</u>, 60 F.R.D. 654, 656 (S.D.N.Y. 1973); <u>Pinal Creek Group v. Newmont Mining Corp.</u>, 218 F.R.D. 652, 654 (D. Az. 2003). Each of these cases held any one factor could support bifurcation of issues. In the Bolt case, convenience and expediting and economizing are the applicable grounds.

Minimizing wasted court and witness time in presenting expert testimony on damages is a situation FRCP 42(b) is designed for. <u>Romer v. Baldwin</u>, 36 F.R.D. 259, 260 (E.D.P.A. 1963). The <u>Romer</u> court found no reason to hear "many medical experts" testify on the damages aspect of a plaintiff's personal injury claims before deciding the issue of liability. <u>Id.</u>

Similarly, in the Bolt case, the United States anticipates three to four experts

to testify as to plaintiffs injury, disability and future economic loss, including at least the following: an independent medical examiner to ascertain plaintiff's past, present and future condition and what relationship these may have to the accident and/or plaintiff's treatment; an anesthesiologist due to plaintiff's allegations of increased pain and suffering arising from this aspect of her treatment; a vocational rehabilitation analyst to determine plaintiff's vocational capabilities, options and opportunities in relation to her pre-accident options; and an economist to determine the economic consequences flowing from the accident in light of the findings of the medical and vocational experts.

Plaintiff's own experts, in these and other fields relating to her damage claim, may be conservatively expected to bring the total number of testifying experts solely for the damages portion of this case to six or eight witnesses, or more. A separate trial of the liability issue could potentially save the court from hearing these six or eight witnesses if the case is decided at the liability stage. And separate trials of the two issues would also separate the pre-trial preparation of those issues.

A trial of the liability issue is necessary in any event as a prerequisite to sorting and deciding the complex field of damage issues. Hence, nothing is lost and much may potentially be gained by separation of the issues.

Inasmuch as liability has proven to be a substantial issue thus far, it makes sense to resolve it definitively, separately, rather than holding up the resolution of that issue while the parties now engage in the considerable time and expense of discovery and trial preparation on damages which may or may not be necessary for the Court to consider. A significant amount of discovery and trial preparation on

damages remains yet to be done, as it was unnecessary to put forth that effort and expense in order to resolve the summary judgment and appeal on liability issues.

The potential time saving contributes to the "convenience" of the court, parties, counsel and witnesses, as cited by the Rule. Additionally, the potential time saving and avoidance of considerable extra discovery and trial preparation would also materially "expedite and economize."

One study on bifurcation of liability and damages showed a 21% saving in trial time. 76 Harvard L. Rev. 1606, 1610 (June 1963). Another study concluded "the separate trial … has proved a very flexible and useful instrument for … providing a convenient method of disposing of litigation as fairly and quickly as possible." 39 Minn. L. Rev. 743, 762-763

Avoiding prejudice, also mentioned in Rule 42(b), is not an issue here as there is nothing about the evidence as to either liability or damages that would require either separation of the two issues or their consolidation for trial. Also, this is not an issue in the case of a bench trial where the same trier of fact would hear both issues even if they are separately tried. See United States v. International Business Machines Corp., 60 F.R.D. at 656.

Nor is there any issue concerning the requirement of Rule 42(b) to "preserve any federal right to a jury trial," because this Federal Tort Claims Act suit must be tried "by the court without a jury". 28 U.S.C. §2402.

Nor are the issues of damages and liability so intertwined as to necessitate their joint trial, such as would be the case where plaintiff seeks exemplary damages bearing upon the degree of negligence, see United Air Lines, Inc. v. Wiener, 286 F.2d 302, 306 (9th Cir. 1961); or where damages and liability overlap

such as in a claim for intentional infliction of emotional distress, see Miller v. Fairchild Industries, Inc., 885 F.2d 498, 511 (9th Cir. 1989). Where there is no significant overlap of witnesses or evidence between liability and damages, separate trials are proper. Stoddard v. Ling-Temco-Vought Inc., 513 F Supp. 314, 328 (D.C. Cal, 1980).

The course of the proceedings thus far in this Court and on appeal readily demonstrate that the two issues in this case are fairly distinct, not intertwined, and do not involve any significant overlap of witnesses or evidence to a degree that would militate against their separate consideration and resolution.

It is true that separation of the issues for trial could result in inconvenience to plaintiff to the extent that she might have to travel to Fairbanks twice. But this seems clearly outweighed by the convenience and economy, to plaintiff herself as well as to the Court and the defendant, that may potentially be gained as discussed above.

In addition, any argument that plaintiff's comparative negligence combines the negligence and damage issues, by affecting the amount of a potential damage award, is unavailing. This is not in fact a mixing of liability and damage issues. Defendant's factual and legal responsibility for the accident in the first place is an issue distinct from damages even though it may involve considering plaintiff's negligence as the cause of the accident. Defendant's liability must be established independently of damage issues before plaintiff's negligently causing her own injury becomes relevant to the measure of damages.

## CONCLUSION

The issue of liability is distinct and readily separable from the issue of damages in this case. A separate trial of that issue would materially advance the relevant factors of convenience, expedition and economy. It would not involve prejudice to the plaintiff in this case of a bench trial by one and the same trier of fact. Nor would it contravene any other right or interest of either party. In that liability must be tried and established in any event before damages are relevant, its separate prior determination before requiring full development and trial preparation of damage evidence would be an appropriate exercise of the Court's discretion, and would appear to afford no basis for a contrary finding.

WHEREFORE, plaintiff respectfully requests that the Court order a separate trial of the issue of liability prior to trial of the damage issue.

RESPECTFULLY SUBMITTED this 27th day of June, 2008, at Fairbanks, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> /s/ Stephen Cooper
> STEPHEN COOPER
> Assistant United States Attorney
> Federal Building and U.S. Courthouse
> 101 12th Avenue, Room 310
> Fairbanks, Alaska 99701-6282
> Phone: (907) 456-0245
> Fax: (907) 456-0577
> E-mail: Stephen.Cooper@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SEPARATE TRIAL AS TO LIABILITY** is being served on the filing date hereof via court's electronic filing notice, on the following counsel of record:

Robert Sparks,
Fairbanks, Alaska

/s/ Stephen Cooper
Office of the United States Attorney