Robert A. Sparks
Attorney-at-Law
1552 Noble Street
Fairbanks, Alaska 99701
phone: 907-451-0875
Fax: 907-451-9385
email: sparkslawoffice@yahoo.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CAROL BOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |

Case No. :02-CV-00021-RRB

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR SEPARATE TRIAL AS TO LIABILITY**

Plaintiff Carol Bolt, by and through her attorney, Robert A. Sparks, opposes the United States' Motion for Separate Trial as to Liability, on the grounds that liability and damages issues are intertwined and separate trials would not be efficient and that the Defendant's late request would be unduly prejudicial to Plaintiff Bolt.

## BACKGROUND

On March 7, 2008, a Scheduling Conference was held in this case. A comprehensive pretrial order was then entered that

provides deadlines for completion of lay and expert discovery and for a trial on damages and liability during March 2009. Docket 77.

At no time prior to entry of the scheduling order, or prior to late June 2008, did the Defendant indicate that it desired to have separate trials on liability and damages in this case. In fact, Defendants attorney represented to Plaintiff's attorney prior to the scheduling conference that Defendant needed substantial time prior to trial to conduct discovery in order to obtain information and to prepare its expert witnesses. See Affidavit of Robert A. Sparks.

If Defendant would have indicated that a separate trial on liability should have been scheduled, Plaintiff Bolt would have certainly not agreed to delay the scheduling of such a separate trial on liability for over a year. See Affidavit of Robert A. Sparks. At the present time, due to Defendants delay in raising the issue of a separate trial on liability, Plaintiff Bolt has incurred significant time and expense in obtaining additional updated medical and income records for Plaintiff Bolt and making arrangements for updated medical and economic expert reports. See Affidavit of Robert A. Sparks.

**ARGUMENT**

     The United States did not request separate trials on liability and damages and its tardy request to modify the current trial schedule should be denied, because it would be unduly prejudicial to Plaintiff Bolt.  See McLaughlin v. State Farm Mut. Auto. Ins. Co., 97 F.3d 861, 870 (7th Cir. 1994).

    The question as to whether bifurcation of liability and damages should be granted is within the discretion of the trial court.  See Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982)(granting bifurcation where conspiracy evidence raised serious risk of jury confusion on liability issues).  However, it has been held that the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses.  The burden is on the defendant to convince the court that a separate trial is proper in light of the general principal that a single trial tends to lessen the delay, expense and inconvenience to all parties.  See Sensitron, Inc. V. Wallace, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007)

    The Court in Sensitron" observed that "some cases suggest that a court should consider the following factors in making its determination: (1) judicial economy, (2) convenience to the parties, (3) expedition, and (4) avoidance of prejudice and

confusion." Id. (citing In re Innotron Diagnostics, 800 F.2d 1077, 1085 (Fed. Cir.1986); Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 613 (D.Colo.2000)); see also Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D.Ill.2000).

Any judicial economy that could possibly result from bifurcation is completely speculative. Defendant has failed to explain why the additional burden to the court and Plaintiff of conducting a separate trial on damages, and the needless delay attributable to such a course of action, would not greatly override any possible speculative economy that would result in this case if Plaintiff Bolt failed to establish liability. Defendants failed to clear snow from Plaintiff Bolt's common area parking lot and have failed to provide any reasonable explanation as to why her parking lot could not have been cleared prior to April 1, 1999, as required by their own regulations.

Plaintiff Bolt and her former husband, a disabled veteran of the Iraq warn, would be forced to come to Alaska twice if liability is tried separately from damages. See Robert Sparks Affidavit.

It would not be expeditious to delay the eventual resolution of Plaintiff Bolt's claim by holding a separate trial on liability. Plaintiff Bolt was injured on April 1,

1999.  It has been nine years since Plaintiff Bolt was injured. The Defendant United States does not pay prejudgment interest on recoveries under the FTCA and all of the delays in the eventual resolution of Plaintiff Bolt's claim accrue to the Defendant's economic benefit.  28 U.S.C. § 2411; <u>Oakley v. U.S.</u>, 622 F.2d 447 (9th Cir. 1980).

Furthermore, liability and damages issues are intertwined and separate trials would not be efficient.  <u>See</u>  <u>Miller v. Fairchild Industries, Inc.</u>, 885 F.2d 498, 511 (9th Cir. 1989)(where issues of liability and damages are intertwined and consideration of issues separately would generate confusion and uncertainty).

In order to prevail on a claim of negligence, Plaintiff is required to show Defendant's negligence was a proximate cause of the personal injuries and economic damages that Plaintiff contends resulted from her slip and fall in Defendant's parking lot.  It would be prejudicial to Plaintiff and waste considerable time to require that Plaintiff in two separate trials, establish Defendant's negligence and then establish that Defendant's negligence was the proximate cause of Plaintiff's damages, and the nature and extent of Plaintiff's resulting damages.  The artificial division of liability and damages is further complicated and unduly prejudicial to

Plaintiff by Defendant's contentions that Plaintiff contributed to her damages or failed to mitigate her damages is some way. In essence, Defendant's request is that the court require Plaintiff to prove the Defendant was negligent at one trial and then require Plaintiff to come back and prove again at a subsequent trial that Defendant's negligence caused the damages Plaintiff seeks to recover. Such a course of action would be unduly prejudicial, duplicitous and wasteful.

Defendant's reliance on In Re Paris Air Crash of March 3, 1974, 69 F.R.D. 310, 219 (C.D. Cal 1975) is unavailing. That case involved a complicated air crash case involving innumerable issues, claims, third-party complaints, cross-complaints, counterclaims, special defenses and large numbers of witnesses. Id. Defendant's reliance on United States v. International Business Machines Corp., 60 F.R.D. 654, 656 (S.D.N.Y. 1973) is similarly unavailing. The IBM case involved a complex civil anti-trust action brought against IBM by the federal government. Id. The court noted in IBM that "in this civil action, to be tried to the court sitting without a jury, the kind of prejudice contemplated by Rule 42(b) does not come into play." Id. 60 F.R.D. at 656.

Similarly, Defendant's reliance on Pinal Creek Group v. Newmont Mining Corp., 218 F.R.D. 652, 654 (D.Az. 2003) is

Page 6
Bolt v. U.S.
02-0021 CV

unavailing.  Pinal Creek involved a complicated CERCLA hazardous waste cleanup reimbursement action where the parties had contemplated for ten years that complicated phase one liability issues would be resolved in a bifurcated trial. Id. 218 F.R.D. at 654

Defendant also relies on Romer v. Baldwin, 36 F.R.D. 259, 260(E.D. Pa. 1963). Contrary to Defendant's adoption of the case, the decision in Baldwin does not establish any general proposition of law beneficial to Defendant.  In the Baldwin case, the case had been tried at least one time prior.  Id. Baldwin, 36 F.R.D. 260 fnte no. 1.  There is no evidence that the rationale of the Baldwin case has been generally adopted by any other courts.  See generally Sensitron,, 504 F. Supp. 2d at 1186.

Defendant's "savings" are completely speculative on it prevailing on liability.  If Defendant does not prevail on liability, Plaintiff Bolt will be unduly prejudiced by having to attend and pay for two separate trials.

By delaying its presentation of this issue, Defendant has apparently sat on its hands and not prepared its experts. However, Plaintiff Bolt has spent time and considerable expense obtaining updated medical and financial records and has re-engaged her experts to provide updated reports.  See Robert

Sparks Affidavit.  Plaintiff Bolt has already been re-evaluated by her medical expert, Dr. Gaw, and the updated report has been delivered to Defendant.  See Robert Sparks Affidavit.

It manifestly unfair to allow Defendant to cause Plaintiff Bolt to incur expenses in preparing her damages evidence and expert witnesses, and then to allow Defendant to avoid incurring those expenses, by allowing Defendant an untimely (and prejudicial) bifurcation of the trial in this case.

## CONCLUSION

Defendant's Motion should be denied, because it is untimely and would be unduly prejudicial to Plaintiff Bolt.  Plaintiff Bolt has incurred substantial time and expenses preparing for a trial on liability and damages and preparing her expert witnesses to issue supplemental reports.  The Defendant obtained a trial date during March 2009, based on its representations that it would need considerable time to develop medical and financial information for preparation of its expert reports.  If a separate trial on liability was desired by Defendant, it should have made that known early on so that a trial on liability could have been scheduled immediately, not during March 2008.  A trial on liability would be unduly prejudicial to Plaintiff Bolt, because it would require two trials, two trips to Alaska for her and her former husband and

would result in additional delays in resolving her case.

The Defendant's Motion should be denied in all respects.

DATED this 5th day of August, 2008, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
Fax: (907) 451-9385
E-mail: sparkslawoffice@yahoo.com
Membership No.: 8611139

CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served via email
on:

Stephen Cooper
Asst. U.S. Attorney

this 5th day of August, 2008
THE LAW OFFICE OF ROBERT A. SPARKS
/s/ Robert A. Sparks
Robert A. Sparks