NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAROL BOLT, )<br> )<br> Plaintiff, )<br>v. )<br> )<br> )<br> )<br> )<br>UNITED STATES OF AMERICA )<br> )<br> Defendant. )<br>_____ ) | Case No. 4:02-cv-00021-RRB<br><br>**REPLY TO OPPOSITION TO MOTION FOR SEPARATE TRIAL AS TO LIABILITY** |

 The United States replies as follows to plaintiff's Opposition to the pending motion of the United States for separate trial as to liability.

 Initially, the affidavit of plaintiff's counsel, ¶ 3, p. 2, notes that counsel "would have been willing to agree to bifurcation, if it had been discussed initially and a prompt trial date for a trial on liability had been set during 2008." The

parties are not far apart.

The only reason a trial date next year was sought was to allow for extensive development of damage issues, expert medical, economic and vocational rehabilitation testimony, and related discovery.  When the scope and expense thereof became more apparent, defendant realized the wastefulness of developing the damage portion of the case before resolving liability, and so moved for separate trials.  The March 2009 trial date was based on the need to develop this expert evidence and complete the related discovery.  It is not necessarily the only appropriate date to try liability.

The central question is whether a separate trial is still an appropriate procedure. It is appropriate because neither party's counsel has materially changed position to his client's detriment since the time plaintiff was admittedly willing to bifurcate the issues.  Plaintiff would have been agreeable to separate trials following the 9th Circuit's remand and at the time of the Status and Scheduling Conference in March 2008.  The situation is not now materially different. Plaintiff's papers do not show otherwise.  The following factors are instructive.

## EFFICIENCY

Bifurcation of liability and damages in the present case creates a real possibility of economizing for all parties and the Court.  If this case can be resolved at the liability stage, there will be no need for the parties to use costly expert witnesses.  Additionally, an early resolution would also eliminate the need for the Court to endure the testimony of those experts if the Court finds their testimony unnecessary for resolution.

Plaintiff asserts without support that she has "spent time and considerable expense" in obtaining records and in "making arrangements for" updated reports. Pl's Opp'n to Def.'s Mot. For Separate Trial as to Liability, ¶ 7, and Affidavit in support, ¶ 4, p. 2. However, plaintiff has only provided one new item of discovery post-appeal, that being a short (1½ page) re-evaluation of plaintiff dated December 11, 2007, i.e., before remand, only a week after the 9th Circuit's opinion issued December 3, 2007. This 2007 event provides no support for plaintiff's present argument, because after the time of that re-evaluation, plaintiff was still willing to bifurcate liability and damages.

On February 8, 2008, plaintiff indicated her need to take three depositions in Tennessee and two in Texas. None of these depositions have been noticed as of this date. Nor has defendant undertaken its medical, economic or vocational rehabilitation evaluations or discovery. It appears that the current state of discovery for both sides is completely unchanged since the time plaintiff claims to have been agreeable to bifurcation. Since none of plaintiff's five depositions have yet been taken, nor any significant post-appeal expert work-ups executed or documented by either side, the time is still ripe to minimize related expenses.

## PREJUDICE

Plaintiff asserts that a bifurcated trial would be unduly prejudicial to her. This contention seems to be based on two contentions, the potential for traveling to Alaska twice and the possibility for further trial delay. Both contentions are economic in nature and hence are more related to efficiency than to prejudice.

Plaintiff does face the possibility of traveling to Alaska twice. However, the potential cost savings to both parties for not having to travel to Texas and

Tennessee for five depositions, and potentially to travel yet further for additional depositions by defendant, more than offset this possible cost.

Plaintiff also claims a bifurcated trial would create prejudice against her because of the lack of pre-judgment interest in this case. First, this argument assumes that bifurcation will result in a delay. That is only speculative at this point. Second, given the historically low discount rates now in effect, any loss due to the value of money through time would be minimal.

## INTERTWINEMENT

Plaintiff is correct that bifurcation is not warranted where the issues of liability and damages are intertwined. (Pl's Opp'n to Def.'s Mot. For Separate Trial as to Liability, Doc 84-1 ¶ 5.) However, intertwinement as contemplated by previously cited cases is not present in the instant case.

<u>Miller v. Fairchild Indusies., Inc.</u>, 885 F.2d 498, 511 (9th Cir. 1989), involved a claim for intentional infliction of emotional distress (IIED). Liability for IIED is dependent upon serious emotional distress. Therefore the existence of any liability in such a case is dependent upon the degree of damages meeting a threshold level, thus intertwining the issues of liability and damages. Conversely, intertwinement also occurred in <u>United Air Lines, Inc. v. Wiener</u>, 286 F.2d 302, 306 (9th Cir. 1961), where the claim for exemplary damages depended on the level of defendant's tortious conduct. Exemplary damages were only available where the defendant's conduct was willful, wanton or extremely reckless. The existence of damages was therefore dependent upon the degree of negligence meeting a threshold level, thus again intertwining the issues of liability and damages.

In the present case, however, plaintiff's claim presents a straightforward

negligence situation devoid of the intertwinement complications discussed above. Any liability in the present case would be dependent on the existence of some damages but not on the amount of damages. Conversely, damages in the present case would be dependent on the existence of negligence but not the degree of negligence. Even any comparative negligence on plaintiff's part is based on her duties and is determined without reference to her damages.

## CONCLUSION

For the above reasons and those discussed previously at Doc 79, the Defendant's Motion for Separate Trial as to Liability should be granted.


RESPECTFULLY SUBMITTED this 12th day of August, 2008, at Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

/s/ STEPHEN COOPER
Assistant United States Attorney
Federal Building and U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701-6282
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

**CERTIFICATE OF SERVICE**
I certify that a true copy of the foregoing is being served
on the filing date hereof via court's electronic
filing notice, on the following counsel of record:

Robert Sparks,
Fairbanks, Alaska

/s/ Stephen Cooper
Office of the United States Attorney

Bolt v. U.S.                              5
4:02-cv-00021-RRB